**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4350**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

JOSEPH A. GARRETT,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:14-cr-00048-IMK-JSK-1; 1:14-cr-00057-IMK-JSK-1)

———————

Submitted: March 30, 2016         Decided: April 15, 2016

———————

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, Tara Noel Tighe, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the superseding indictment returned in Case No. 1:14-cr-00048-IMK-JSK-1 (N.D. W. Va.), the Government charged Joseph A. Garrett with failing to update his sex offender registration, in violation of 28 U.S.C. § 2250(a) (2012) (hereinafter "CR-48"). Thereafter, in a separate criminal case, Case No. 1:14-cr-00057-IMK-JSK-1 (N.D. W. Va.) (hereinafter "CR-57"), the Government charged Garrett with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and possessing an unregistered firearm (specifically, a sawed-off shotgun), in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (2012). Garrett elected to plead guilty in CR-48, without the benefit of a written plea agreement, but proceeded to a jury trial in CR-57. After a three-day trial at which the Government presented the testimony of nine witnesses, the jury convicted Garrett of both counts. The district court sentenced Garrett to a total of 147 months' imprisonment, consisting of 120 months (concurrent) on the charges in CR-57 and 27 months (consecutive) in CR-48. This appeal timely followed.

Garrett's appellate attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no nonfrivolous issues for appeal but asking us to review

the sufficiency of the Government's trial evidence[1] and the reasonableness of Garrett's sentence.[2]  The Government has declined to file a response brief.  For the reasons that follow, we affirm the criminal judgment.

Garrett first challenges the sufficiency of the Government's evidence of his guilt of the crimes charged in CR-57, asking us to review whether the district court erred in denying Garrett's Fed. R. Crim. P. 29 motion for a judgment of acquittal.  We review that ruling de novo.  United States v. Said, 798 F.3d 182, 193 (4th Cir.), petition for cert. filed, No. 15-7332 (U.S. Dec. 8, 2015).  "A defendant challenging the sufficiency of the evidence faces a heavy burden, as reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."  Id. at 194 (alteration and internal quotation marks omitted).

We must uphold a jury's guilty verdict if there is substantial evidence, viewed in the light most favorable to the

---

[1] Counsel does not raise any suggested issues related to Garrett's guilty plea in CR-48.

[2] After receiving notice that an Anders brief had been filed, Garrett filed in this court a pro se pleading in which he asserted that his trial attorney was ineffective for failing to call a certain witness.  But Garrett's failure to identify, at a minimum, what evidence this individual would have provided and that counsel was aware that this individual possessed relevant information, renders this claim a patent nonstarter.

3

Government, to support it. United States v. Hamilton, 701 F.3d 404, 409 (4th Cir. 2012); see United States v. Cornell, 780 F.3d 616, 630 (4th Cir.) (defining substantial evidence), cert. denied, 136 S. Ct. 127 (2015). "In determining whether there is substantial evidence to support a verdict, we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." United States v. Louthian, 756 F.3d 295, 303 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 421 (2014). We have reviewed the trial transcript and conclude that the Government's evidence, which included the testimony of multiple eyewitnesses, coupled with the parties' factual stipulations, more than supported the jury's guilty verdicts. See United States v. Reed, 780 F.3d 260, 271 (4th Cir.) (stating elements of § 922(g) offense), cert. denied, 136 S. Ct. 167 (2015); see also United States v. Jamison, 635 F.3d 962, 967-68 (7th Cir. 2011) (reciting elements of § 5861(d) offense).

Counsel next asks us to evaluate the reasonableness of Garrett's aggregate 147-month sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). In so doing, we first examine the sentence for procedural error, which

4

includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Lymas, 781 F.3d at 111–12 (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, affording a presumption of substantive reasonableness to any sentence that is within or below a properly calculated Guidelines range. See Rita v. United States, 551 U.S. 338, 346–59 (2007) (upholding presumption of reasonableness for within-Guidelines sentence); Louthian, 756 F.3d at 306.

Counsel does not identify any particular procedural or substantive error in Garrett's sentence, and our independent review of the sentencing, including the computation of Garrett's Guidelines range, did not reveal any such error. The district court relied on and adopted the uncontested presentence report, which properly calculated Garrett's advisory Guidelines range. The court also responded to the parties' sentencing arguments and provided a robust explanation for the selected sentence, which it linked to the relevant § 3553(a) sentencing factors. Finally, Garrett does not endeavor to overcome the presumption of substantive reasonableness applied to his within-Guidelines sentence, and our review of the record demonstrates no basis on

5

which he could do so.  See Louthian, 756 F.3d at 306 (explaining that the presumption of substantive reasonableness afforded a within-Guidelines sentence "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors").

In accordance with Anders, we have examined the entirety of the records in this appeal for any nonfrivolous appellate issues and have found none.  Accordingly, we affirm the criminal judgment.  This court requires that counsel inform Garrett, in writing, of the right to petition the Supreme Court of the United States for further review.  If Garrett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Garrett.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED